NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 10-3523
_____

UNITED STATES OF AMERICA

v.

ARTHUR HOMER JACKSON,
                    Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal No. 2-08-cr-00115-001)
District Judge:  The Honorable Terrence F. McVerry

Submitted Under Third Circuit L.A.R. 34.1(a)
April 18, 2012

BEFORE:  SCIRICA, AMBRO, and NYGAARD, *Circuit Judges*

(Filed: September 10, 2012)

_____

OPINION OF THE COURT
_____

NYGAARD, *Circuit Judge*

Arthur Homer Jackson appeals the 110-month sentence imposed by the District Court. This sentence followed our remand, after we vacated his original sentence because Jackson's reckless endangerment convictions no longer were crimes of violence under the United States Sentencing Guidelines.

Jackson argues that the District Court abused its discretion by reopening the sentencing proceeding and allowing the Government to argue that vehicular flight was a crime of violence. We disagree. While we are generally reticent to reopen sentencing proceedings upon remand, we by no means prohibit the District Court from exercising its discretion to allow it where fairness is served and prejudice to the convicted party is minimal. At the original sentence hearing, the District Court relied upon prior precedent to rule that Jackson's reckless endangerment convictions were crimes of violence. Upon this ruling it passed over consideration of Jackson's vehicular flight convictions as an unnecessary exercise.

The precise implications of the Supreme Court's ruling in *Begay v. United States*, 553 U.S. 137 (2008), as to reckless conduct were unclear at the time of sentencing. It was only after Jackson's sentencing that we signaled in *United States v. Johnson*, 587 F.3d 203, 210 n.8 (3d Cir. 2009), that, post-*Begay*, reckless conduct no longer qualified as a crime of violence. In light of this change, the District Court was well within its discretion to reopen proceedings and allow the government to present evidence concerning vehicular flight, particularly since Jackson had ample opportunity to respond to the Government's argument. The District Court did not err.

Next, we reject Jackson's contention that a vehicular flight conviction cannot be regarded as a crime of violence. United States Sentencing Guidelines Section 4B1.2(a) defines a crime of violence as one that has the threatened use of force as an element, or that "involves conduct that presents a serious potential risk of physical injury to another." Under the Pennsylvania statute, vehicular flight involves refusing to bring a vehicle to a stop after being instructed to do so by police, or otherwise fleeing or attempting to elude police who are in pursuit. 75 Pa.C.S. § 3733. We are not persuaded by Jackson's contention that vehicular flight cannot be a crime of violence because, in a particular case, it might occur in a manner that does not place persons at risk. Moreover, we need not decide whether the statute is divisible between violent and non-violent crime, because the plea colloquies reveal that Jackson did not object to the Government's characterization of his charges on each occasion as fleeing in a vehicle, with the police giving "chase" and in "pursuit." In fact, at one plea hearing, his counsel acknowledged that Jackson was resolving to no longer be involved in "high speed chases." Jackson pleaded guilty to fleeing police in a vehicle. Therefore, regardless of whether the Pennsylvania vehicular flight statute is divisible, the record supports the District Court's conclusion that Jackson pleaded guilty to a crime of violence.[1]

Finally, Jackson objected to the sentence enhancement arising from the obliterated serial number on the gun. Jackson argues that the District Court was procedurally

---

[1] We note that by failing to stop when commanded by pursuing police, by fleeing, or by using a vehicle to elude police, the driver inherently places others at serious risk of injury by causing police to give chase. This is consistent with the definition of a crime of violence in section 4B1.2(a).

3

unreasonable because it failed to provide an explanation for the enhancement. Yet, the record indicates that the District Court did, in the first sentencing hearing, consider Jackson's argument for a variance. It highlighted the fact that the second intact serial number on the gun—on which Jackson relies in this appeal to assert procedural and substantive unreasonableness—was not plainly visible and was only discovered by a forensic examination of the weapon. Therefore, in applying the enhancement, the District Court reasonably viewed Jackson's argument as lacking merit. At resentencing, having already questioned Jackson on this issue, there was no need for the District Court to revisit it. This is particularly the case where Jackson—in his argument on sentencing factors—conceded that he could not cite any authority to support his objection to the enhancement; and where Jackson failed to press his argument after the District Court explicitly raised the topic on resentencing. Jackson raised nothing new to support his objection. The District Court gave adequate consideration to the section 3553(a) factors. Finally, the District Court did not give undue consideration to Jackson's criminal history. Jackson's 110 month sentence, at the low end of the advisory range, is procedurally and substantively reasonable.

For all of these reasons, we will affirm the sentence.